IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-771-LTB

**LARRY PALMER,** Inmate No. 87366,

Plaintiff,

v.

**MR. FARMER,** Dentist;
**JAMIE SOUCIE**, HSA for SCF West Medical,

Defendants.

---

**ORDER DISMISSING CASE**

---

Plaintiff Larry Palmer is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint. He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 in this action (ECF No. 4). In his Complaint, he is asking the Court for "emergency" dental care to remove all of his teeth and issue him dentures. He filed the Complaint because the dentist was unable to remove his teeth during his initial dental visit but required him to set up another appointment to allow the dentist sufficient time to provide appropriate care.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Because Mr. Palmer is a prisoner complaining about prison conditions, and has been granted leave to proceed IFP, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous,

fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Having screened all materials filed, the court finds the complaint is subject to dismissal for the following reason.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege denial of medical treatment or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion in cases covered by § 1997e(a) is not within the court's discretion, but is mandatory. "[E]xhaustion requirements are designed to . . . give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Full and proper exhaustion of administrative remedies is required, and entails utilizing "all steps that the agency makes available, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90.

Under the PLRA, Mr. Palmer was required to exhaust completely his available administrative remedies prior to bringing his claims in federal court. Colorado Department of Correction (CDOC) regulations provide for a three-step administrative grievance process. Following an attempt at informal resolution, an inmate may file a Step 1 grievance, which shall be investigated and answered by the involved DOC employee, contract worker, or volunteer, together with a DOC employee appointed by the administrative head, or

designee. Admin. Reg. No. 850–04(IV)(C)(1)(a). A Step 1 grievance must be filed within thirty (30) calendar days from the date the offender knew, or should have known, of the facts giving rise to the complaint. Admin. Reg. No. 850–04(IV)(F)(1)(a). The offender shall receive a written response within twenty-five (25) calendar days of its receipt by the case manager/CPO. Admin. Reg. No. 850–04(IV)(F)(1)(b). If an inmate is dissatisfied with the response, he may file a Step 2 grievance within five calendar days of receiving the written response. Admin. Reg. No. 850–04(IV)(F)(1)(d). Step 2 grievances are investigated and answered by the administrative head, or his designee, Admin. Reg. No. 850–04(IV)(C)(1)(b), and must be answered within twenty-five (25) days. Admin. Reg. No. 850–04(IV)(F)(1)(b). If an inmate is dissatisfied with the Step 2 response, he may file a Step 3 grievance within five calendar days of receiving the written response. Admin. Reg. No. 850–04(IV)(F)(1)(d). Step 3 grievances are investigated and answered by CDOC's grievance officer, Admin. Reg. No. 850–04(IV)(C)(1)(c), and must be answered within forty-five (45) days of receipt by the grievance officer. Admin. Reg. No. 850–04(IV)(F)(1)(c). An inmate who has properly pursued all three grievances has exhausted his administrative remedies through the CDOC and may proceed in federal court. *See Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007).

"Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed...." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (an "inmate who begins the grievance process but does not complete it is barred from pursuing a ... claim under the PLRA for failure to exhaust his administrative

remedies.").

The failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 223-24 (2007). This means that a prison inmate is not required "to allege and demonstrate exhaustion in his complaint." *Id*. Consequently, the question of exhaustion generally does not arise until it is raised by a defendant. However, the Tenth Circuit has held that if a complaint makes it clear through the prisoner's affirmative statements he has not exhausted his administrative remedies, the district court may raise the exhaustion question *sua sponte* provided it seeks additional information from the prisoner. *Escobar v. Reid*, 240 F. App'x 782, 784 (10th Cir. 2007) (unpublished) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Markovich v. Correct Care Solutions*, 406 F. App'x 264 (10th Cir. 2010); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

In response to the question on his form complaint as to whether he previously sought administrative relief from the appropriate officials, Mr. Palmer states as follows.

> Plaintiff was present at a staffing directly related to these issues, was assured it was going to be taken care of, and has still not received the care he requires; Plaintiff is in a potentially life-threatening situation, and has proceeded to file an ADA Grievance, which went in on the 30th of March, 2015; the ADA Grievance is supplemental, and not key, to this lawsuit;

ECF No. 1, p. 6.

The court finds that it is apparent from allegations in the complaint that Mr. Palmer did not fully and properly exhaust the available prison administrative remedies on each of his claims before filing this lawsuit. Plaintiff was provided an opportunity to allege facts or provide exhibits showing that he followed each of the steps set forth in the Colorado Grievance Procedure in a timely and proper manner (ECF No. 5). He filed a Response on

May 8, 2015 asserting that he was not required to comply with the mandatory exhaustion requirement because the CDOC grievance procedure does not provide for money damages (ECF No. 6).  Such contention was roundly rejected by the United States Supreme Court in *Booth v. Churner* wherein it held that the PLRA requires administrative exhaustion even where the grievance process does not permit an award of money damages and a prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action.  As such, Plaintiff's § 1983 complaint will be dismissed without prejudice for failure to exhaust available administrative remedies prior to filing this action.  *Accord Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 18, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court